## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **15-03502-jw**

## ORDER GRANTING DISCHARGE UNDER 11 U.S.C. § 1328(i)

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/04/2021**



US Bankruptcy Judge
District of South Carolina

Entered: 02/04/2021

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 15-03502-JW |
| | Chapter 13 |
| James Frazier McCollum and Rita Pearl McCollum, | **ORDER GRANTING DISCHARGE UNDER 11 U.S.C. § 1328(i)** |
| Debtor(s). | |

This matter comes before the Court upon the Certification of Plan Completion and Request for Discharge filed by James Frazier McCollum and Ria Pearl McCollum ("Debtors") and the Response to Notice of Final Cure Payment pursuant to Fed. R. Bankr. P. 3002.1(g) ("Response") filed by HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2006-1 Trust, Home Equity Asset Backed Certificates, Series 2006-1 ("HSBC") on December 11, 2020. The Response indicates that Debtors have failed to pay $4,364.40 in direct payments required by the terms of Debtors' confirmed plan. The Response also indicates that the vast majority of the alleged missed payments were the result of a forbearance agreement entered by the parties for the April, May and June 2020 payments.

Section 1328(i) of the Bankruptcy Code[1] provides that "the court may grant a discharge of debts dischargeable under subsection (a) to a debtor who has not completed payments to the trustee or to a creditor holding a security interest in principal residence of the debtor if—. . .the plan provides for the curing of a default and maintenance of payments on a residential mortgage under section 1322(b)(5); and the debtor has entered into a forbearance agreement or loan modification agreement with the holder or servicer . . . of the mortgage . . . ."[2] In the present matter, Debtors

---

[1]    Subsection(i) of section 1328 of the Bankruptcy Code was enacted on December 27, 2020 as part of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-270, and has a sunset provision of December 27, 2021.

[2]    Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

provided treatment of HSBC's secured claim under § 1322(b)(5) in their confirmed plan and have

entered a forbearance agreement with HSBC, which constitutes the vast majority of payments

listed in the Response.

Further, when factoring in the payments included in the forbearance agreement, the

remaining portion of the missed payment listed in HSBC's Response that were due at the

completion of the plan is less than one full monthly mortgage payment. As it appears this partially

missed payment was directly or indirectly the result of a material financial hardship related to

COVID 19, it should not preclude Debtors from receiving a standard discharge. Specifically, under

§ 1328(i)(1), a debtor may receive a standard discharge if the debtor has not missed more than

three monthly post-petition mortgage payments as a result of a COVID-19 related financial

hardship.[3] Therefore, the Court finds the requirements of § 1328(i) are satisfied in this matter, and

Debtors are entitled to a standard discharge under § 1328(a).

The Court also finds that the debt of HSBC will not be discharged in this case pursuant to

§ 1328(a)(1), which excepts a debt provided for under § 1322(b)(5) from a standard discharge.

Nonetheless, Debtors are otherwise entitled to a discharge under § 1328(a), which shall be issued

forthwith by the Court.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
February 4, 2021

---

[3]    The Court also notes that the amount of missed payments appears to be de minimis, and therefore, should not preclude Debtors from receiving a discharge.

2